IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JASON L. HOUSTON,**                                                                **PLAINTIFF**
Reg. #31420-045

V.                         CASE NO. 2:18-CV-168-DPM-BD

**J. WILDER and**
**T. HALL**                                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive their right to appeal questions of fact.

**II.    Discussion:**

A.  Background

Jason L. Houston, a federal inmate incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, ("FCC-FC"), filed this lawsuit without the help of a lawyer. He claims that Defendants Wilder and Hall were deliberately indifferent to his safety and that they discriminated against him because of his race. (Docket entries #2, #6)

Defendants have now moved for summary judgment on all claims against them. They contend that Mr. Houston failed to exhaust his administrative remedies before filing this lawsuit. (#14) In the alternative, they argue that Mr. Houston's claim should be dismissed because he has not stated constitutional claims against them. Mr. Houston has not responded to the motion, and the response time has passed. (#18)

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies where correction officials prevented them from using grievance procedures or where officials themselves failed to comply with the procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But that said, the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process is not an excuse for failing to exhaust administrative remedies. Likewise, a prisoner's confusion about the requirements for exhaustion is not grounds to excuse the exhaustion requirement. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because each prison determines its own system for addressing inmate grievances, including the requirements for completely exhausting those administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 91.

In support of their motion, Defendants attach the declaration of Andrea Brooks-Smith, the Associate Warden's Secretary at FCC-FC. (#15-1) As part of her duties, Ms. Brooks-Smith is responsible for responding to inmates' Administrative Remedy Requests. (*Id.* at p.1) In her declaration, Ms. Brooks-Smith explains that all inmate requests and appeals are electronically stored on a computer-based information system known as SENTRY. (*Id.* at p.3)

According to Ms. Brooks-Smith, during Mr. Houston's incarceration in the Bureau of Prisons ("BOP"), he has not filed any Administrative Remedy Requests or Appeals. (*Id.* at pp.4-5) Furthermore, Ms. Brooks-Smith testifies, the Administrative Remedy Response that Mr. Houston attached to his complaint in this case is actually an Administrative Remedy Response to a Request filed by another federal inmate. (*Id.* at pp.5, 14, 16-17)

Mr. Houston has not come forward with any evidence to contradict Ms. Brooks-Smith's testimony. As a result, there is no genuine dispute about the lack of exhaustion in this record.

## III.   Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#14) be GRANTED. Mr. Houston's claims should be DISMISSED, without prejudice, based on his failure to exhaust BOP administrative remedies.

DATED, this 25th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE